104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Thurman LEIGH, Defendant-Appellant.
 No. 96-1353.
 United States Court of Appeals, Second Circuit.
 Dec. 23, 1996.
 
 1
 Appeal from the United States District Court for the Western District of New York (John T. Elfvin, Judge).
 
 
 2
 APPEARING FOR APPELLANT: Laurie S. Hershey, Garden City, NY.
 
 
 3
 APPEARING FOR APPELLEE: John E. Rogowski, Assistant United States Attorney, Western District of New York, Buffalo, NY.
 
 
 4
 W.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 PRESENT: CARDAMONE, PARKER, Circuit Judges, and WEXLER,* District Judge.
 
 
 7
 This cause came to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued by counsel for the appellant and appellee.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.
 
 
 9
 Appellant Thurman Leigh appeals from a final judgment of conviction of the United States District Court for the Western District of New York (John T. Elfvin, Judge ) entered June 28, 1996. Leigh was convicted after a trial by jury on two counts of mail fraud in violation of 18 U.S.C. § 1341, one count of embezzlement and theft of public money in violation of 18 U.S.C. § 641, and one count of filing of false statements in violation of 18 U.S.C. § 1001. The basis for these convictions was Leigh's unlawful cashing of United States Treasury checks issued on behalf of the Railroad Retirement System and the New York State Teachers' Retirement System to Leigh's deceased mother.
 
 
 10
 We affirm the district court's holding that it was not unfairly prejudicial that the prosecution was allowed to obtain appellant's tax return statements after opening statements had been made to the jury, and then to cross-examine Leigh as to whether he had reported the unlawfully cashed funds as income. Likewise, the prosecution's reference in his summation to Leigh's "greed" was appropriate as motive evidence under Fed.R.Evid. 404(b) to rebut Leigh's good faith defense, and was not unfairly prejudicial.
 
 
 11
 We further find that there was no prosecutorial misconduct in the opening and closing statements. Neither the opening statement (that the trial would be short as compared to the O.J. Simpson trial) or the closing statement (that being a minister does not place one above the law) served to incite the jury by subtle, unfavorable association, and appellant suffered no substantial prejudice.
 
 
 12
 Finally, we find that appellant has failed to establish an ineffective assistance of counsel claim. Appellant has failed to show (1) that counsel's performance fell below and objective standard of reasonableness, and (2) that but for the deficiency, the likely outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1983).
 
 
 13
 Appellant's claims that his counsel was ineffective because he failed to object and move for a mistrial in response to (1) the prosecutor's use of the Rule 404(b) evidence, and (2) the prosecutor's comments in his opening and closing statements are without merit in light of our holdings above.
 
 
 14
 Furthermore, we find that appellant's trial counsel's failure to request a bill of particulars to clarify the time frame concerning the mail fraud counts was not unreasonable. Regardless of the time frame concerned, it would not have affected the likely outcome of the proceeding. The indictment was not so general that it did not advise appellant of the specific acts of which he was accused. Appellant was on ample notice that he was being charged with mail fraud in connection with the signing and cashing of checks made payable to his late mother.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation